# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

DOMONIQUE DE FOUNTAIN     *

Petitioner     *

v     *     Civil Action No. PWG-17-2665

WARDEN RICHARD J. GRAHAM, JR. and     *
THE ATTORNEY GENERAL OF THE
STATE OF MARYLAND     *

Respondents     *
   ***

## MEMORANDUM OPINION

In their Answer to this Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, Respondents assert that the petition is time-barred and must be dismissed. ECF No. 4. Petitioner Domonique De Fountain was advised by the Court that he could file a Reply explaining why, in his view, the petition should not be dismissed as time-barred; he was granted 28 days to file the Reply. ECF No. 5. Fountain did not file a Reply, nor has he otherwise indicated to the Court that he intends to do so. An evidentiary hearing is unnecessary. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2018); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (holding that petitioner was not entitled to a hearing under 28 U.S.C. §2254(e)(2)). For the reasons cited below and based on the factual assertions set forth by Respondents, the petition shall be dismissed and a certificate of appealability shall not issue.

On April 23, 2009, Fountain entered a guilty plea in the Circuit Court for Caroline County for one-count of second-degree murder. ECF No. 4-1 at 13 (certified docket entries). On June 5, 2009, the Circuit Court sentenced Fountain to a term of 30 years with all but 20 years suspended, followed by five years of probation. *Id.* at 14. Fountain did not file an application for leave to

appeal, challenging the guilty plea or the subsequent sentence imposed; therefore, his conviction became final on July 6, 2009 when the time for filing such an application expired. *See* Md. Rule 8-204(b) (30-day filing period for application for leave to appeal); *see also Harris v. Hutchinson*, 209 F.3d 325, 328 n. 1 (4th Cir. 2000) (conviction final when time for seeking appellate review expires).

On January 20, 2015, Fountain filed a motion for modification of sentence which was denied on February 11, 2015. ECF No. 4-1 at 15. Pursuant to Md. Rule 4-345(e) such a motion must be filed "within 90 days after imposition of a sentence."

Fountain asserts he filed a petition for post-conviction relief on September 2, 2016, which was subsequently denied on September 17, 2016. ECF No. 1 at 4. Review of the electronic docket kept on Maryland's Judiciary Case Search website[1] indicates that Fountain's post-conviction petition was not denied. Rather, a hearing was held on August 19, 2019, followed by an Order for In-Patient Treatment issued on the same date.[2] *See State of Maryland v. Fountain*, Case No. 05-K-08-007415 (Cir. Ct. for Caroline Co. 2008).

Petitions for federal habeas relief in connection with state-court convictions must comply with a one-year filing deadline. Under the provisions of 28 U.S.C. § 2244, the one-year limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United

---

[1]   http://casesearch.courts.state.md.us.

[2]   Fountain remains incarcerated but is apparently now confined at Jessup Correctional Institution. *See* http://dpscs.maryland.gov/services/inmate-locator.shtml (last visited Oct. 15, 2019). The Clerk will be directed to update Fountain's address on the docket.

States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). However, under § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

"[T]he one-year limitation period is also subject to equitable tolling in 'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) quoting *Harris*, 209 F.3d at 330. To be entitled to equitable tolling, a petitioner must establish that either some wrongful conduct by Respondents contributed to his delay in filing his petition or that circumstances that were beyond his control caused the delay. *See Harris*, 209 F.3d at 330. "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.* The Fourth Circuit has made it clear that, prior to dismissing a pro se petition for writ of habeas corpus, "a district court should furnish notice that simply warns the pro se petitioner that his . . . action will be dismissed as untimely unless the petitioner can demonstrate that the petition was filed within the proper time period." *Hill*, 277 F.3d at 708.

3

On July 6, 2010, one year from the date Fountain's conviction was final, the one-year filing deadline for filing a federal habeas corpus petition expired. *See* 28 U.S.C. § 2244(d)(1). Fountain did not file the instant petition until September 8, 2017. ECF No. 1 at 7 (date of signature). Fountain did not file anything in state court that operated to toll the limitations period, nor does he cite any basis to find the one-year period was otherwise tolled under 28 U.S.C. § 2244. Additionally, there is no basis for finding that the statute of limitation should be equitably tolled as there is no evidence that Fountain diligently pursued his rights, but some extraordinary circumstance prevented him from complying with the filing deadline. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (requiring extraordinary circumstance before equitable tolling is warranted). Absent such a circumstance, the petition is time-barred and must be dismissed.

When a district court dismisses a habeas petition solely on procedural grounds (e.g., when the petition is time-barred), a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). This Court concludes that Petitioner cannot satisfy the standard for a certificate of appealability and thus declines to issue one. Petitioner may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one). A separate Order follows.

__October 22, 2019__
Date

Paul W. Grimm
United States District Judge

4